Cross, J. Fiona the evidence, as set forth in the record, it appears that James H. Johnston, a citizen of Texas, was the owner of a negro man that had run away, and before his apprehension, or having ascertained where he was, sold him for a valuable consideration to Cocke, the plaintiff in error, he, Cocke, “ agreeing to take the responsibility of getting said negro upon himself.” Johnston executed a bill of sale to Cocke, acknowledging the receipt of six hundred dollars as the consideration, and warranting as to title, áte., on the 8th day of October, 1845. On the 20th of that month the negro was apprehended and committed to the jail of Hempstead' county as a runaway slave. Chapman, the defendant in error, having a debt against Johnston, brought suit against him by attachment on the 27th of the month, and on the 30th, and before Cocke had obtained possession, caused the negro to be seized by the sheriff under his writ. At the return term of the writ, Cocke appeared, and by interplea set up his title. The pleadings were made up in short upon the record, and neither party requiring a jury, the cause was by agreement submitted for trial upon the facts substantially as above stated. The court rendered judgment that “ the said Benjamin F. Cocke take nothing by his said interplea, and that the said plaintiff, Robert D. Chapman, have and recover from the said Cocke all his costs,” &c. No fraud or collusion between Johnston and Cocke was proved or attempted to be proved on the trial in reference to the sale, and the only question material to be considered relates to the ownership of the property at the time the writ of attachment was served. However true as a general rule, that the delivery of possession is necessary in a conveyance of personal chattels as against every one but the vendor, such delivery may be symbolical or by implication. When the actual delivery is impracticable, as where goods are on board a ship at sea, the indorsement and delivery of the bill of lading has been held sufficient, that being considered equivalent to an actual delivery. Lamb & others v. Durant, 12 Mass. Rep. 54. Caldwell & others v. Ball, 1 D. & E. 205. There is a clear and well recognized difference between the rules of the civil and common law in this respect. By the former, “ delivery preceded by a contract of sale, is essential to transfer the right in the thing and perfect the title,” but by the latter, “ the title is perfected by the contract of sale and payment of the price without any delivery.” Comyn on Contracts, 2 ed. 208. Parsons v. Dickinson, 11 Pick. 354. Brown on Sales, 9, 10, 11, 393, referred to in note 6 to case of Lanfear v. Sumner, 17 Mass. Rep. 113. The want of delivery, or possession in conformity to the terms of the deed or instrument of transfer may be evidence of fraud, but they are not per se conclusive. Ib. note 9. If fraud enter into the transaction, the sale is void as to subsequent purchasers or attaching creditors, the latter being regarded as purchasers, bonafide, for a valuable consideration In the case before us, the consideration was paid; its legality not contested; fraud neither alleged or fairly deducible from the evidence; and the only delivery of the prope'rty practicable at the time, that is symbolical, or by delivery of the bill of sale or instrument of transfer, made. If the negro had not been found, or had died at any moment after the execution of the bill of sale by Johnston, the loss would* unquestionably* have rested upon Cocke; Chapman as a creditor was not injured. A fair consideration having been paid, Johnston’s means were as ample after as before the sale to meet his liabilities. It is not deemed necessary to allude to the lien of the jailor for his fees further than to remark that such lien is in no wise affected by the proceedings in this cause. We are clear in the opinion that from the evidence as presented by the record, the title to the negro in controversy was vested in Cocke under his purchase and transfer on the 8th of October, 1845, and that at the time of the service of the writ of attachment the ownership of the property was with him, and ought to have been so found and adjudged on the trial in the circuit court. The judgment therefore rendered in the court below must be reversed with costs;